Summary of Case

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Viking Genetics LLC, Viking Lamb LLC v. Harvest Land Co-op Inc., Purina Mills LLC

| Case Number | 89D02-2007-PL-000029 |
|---|---|
| Court | Wayne Superior Court 2 |
| Type | PL - Civil Plenary |
| Filed | 07/06/2020 |
| Status | 07/06/2020 , Pending  (active) |
| Related | Change of Venue |
| | 73C01-2006-PL-000018 |

## Parties to the Case

Defendant   Harvest Land Co-op Inc.

<u>Attorney</u>
James William Hehner
*#833549, Lead, Retained*

Clendening Johnson & Bohrer, P.C.
225 N. Delaware Street
Indianapolis, IN 46204
317-269-3409(W)

<u>Attorney</u>
John Michael Stringfield
*#3543649, Retained*

225 North Delaware Street
Indianapolis, IN 46204
317-269-3409(W)

Defendant   Purina Mills LLC

EXHIBIT 1

<u>Attorney</u>
Kari H Halbrook
*#2221849, Lead, Retained*

% Lewis, Brisbois, Bisgaard & Smith, LLP
50 East 91st Street
Suite 104
Indianapolis, IN 46240
317-324-4766(W)

<u>Attorney</u>
Emily Dollerschell
*#754895TA, Retained*

4001 Lexington Avenue North
Arden Hills, MN 55126
(651) 375-1190(W)

<u>Attorney</u>
Benjamin Charles Hoffman
*#3406076, Retained*

% Lewis, Brisbois, Bisgaard @ Smith, LLP
50 East 91st Street
Suite 104
Indianapolis, IN 46240
317-324-4766(W)

---

Plaintiff     Viking Genetics LLC

<u>Attorney</u>
Brianna Jill Schroeder
*#2877264, Lead, Retained*

8425 Keystone XING
STE 111
Indianapolis, IN 46240
317-855-9920(W)

<u>Attorney</u>
Todd Johannes Janzen
*#2361549, Retained*

8425 Keystone Crossing Ste 111
Indianapolis, IN 46240
317-855-9920(W)

---

Plaintiff     Viking Lamb LLC

EXHIBIT 1

Attorney
Brianna Jill Schroeder
*#2877264, Lead, Retained*

8425 Keystone XING
STE 111
Indianapolis, IN 46240
317-855-9920(W)

Attorney
Todd Johannes Janzen
*#2361549, Retained*

8425 Keystone Crossing Ste 111
Indianapolis, IN 46240
317-855-9920(W)

## Chronological Case Summary

| 06/01/2020 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | Complaint | |
| | Filed By: | Viking Genetics LLC |
| | Filed By: | Viking Lamb LLC |
| | File Stamp: | 06/01/2020 |

| 06/01/2020 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Brianna Schroeder and Todd Janzen on behalf of Plaintiffs | |
| | For Party: | Viking Lamb LLC |
| | File Stamp: | 06/01/2020 |

| 06/01/2020 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Proposed Summons to Harvest Land | |
| | Filed By: | Viking Lamb LLC |
| | File Stamp: | 06/01/2020 |

| 06/01/2020 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Proposed Summons to Harvest Land | |
| | Filed By: | Viking Lamb LLC |
| | File Stamp: | 06/01/2020 |

| 06/11/2020 | **Appearance Filed** | |
|---|---|---|
| | Appearance of James Hehner on behalf of Harvest Land Co-Op, Inc | |
| | For Party: | Harvest Land Co-op Inc. |
| | File Stamp: | 06/11/2020 |

| 06/11/2020 | **Jury Trial Demand Filed** | |
|---|---|---|
| | Demand for Jury Trial | |
| | Filed By: | Harvest Land Co-op Inc. |
| | File Stamp: | 06/11/2020 |

EXHIBIT 1

| | |
|---|---|
| 06/11/2020 | **Motion for Enlargement of Time Filed** |
| | Defendant, Harvest Land Co-Op's Motion for Enlargement of Time to Respond to Plaintiffs' Complaint |

Filed By:      Harvest Land Co-op Inc.
File Stamp:      06/11/2020

| | |
|---|---|
| 06/12/2020 | **Automated ENotice Issued to Parties** |
| | Jury Trial Demand Filed ---- 6/11/2020 : Todd Johannes Janzen;James William Hehner;Brianna Jill Schroeder |

| | |
|---|---|
| 06/15/2020 | **Order Granting Motion for Enlargement of Time** |
| | ORDER GRANTING DEFENDANT, HARVEST LAND CO-OP, INC'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT is entered; Harvest Land Co-Op has up to July 29, 2020 within which to respond to Plaintiffs' Complaint. cg |

Movant:      Harvest Land Co-op Inc.
Order Signed:      06/15/2020

| | |
|---|---|
| 06/16/2020 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 6/15/2020 : Todd Johannes Janzen;James William Hehner;Brianna Jill Schroeder |

| | |
|---|---|
| 06/16/2020 | **Amended Pleading Filed** |
| | First Amended Complaint |

Filed By:      Viking Lamb LLC
File Stamp:      06/15/2020

| | |
|---|---|
| 06/16/2020 | **Motion for Change of Venue Filed** |
| | Unopposed Verified Motion to Transfer Venue |

Filed By:      Viking Lamb LLC
File Stamp:      06/16/2020

| | |
|---|---|
| 06/22/2020 | **Order Granting Motion for Change of Venue** |
| | ORDER GRANTING UNOPPOSED MOTION TO TRANSFER VENUE is entered; This case shall be transferred to Wayne County, Indiana. cg - Clerk |

Judicial Officer:      Meltzer, Trent E.
Movant:      Viking Genetics LLC
Movant:      Viking Lamb LLC
Order Signed:      06/18/2020

| | |
|---|---|
| 06/22/2020 | **Clerk Administrative Event** |
| | Left message on Attorney, Brianna Schroeder's VM regarding filing fee for change of venue. wlk |

| | |
|---|---|
| 06/23/2020 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Change of Venue ---- 6/22/2020 : Todd Johannes Janzen;James William Hehner;Brianna Jill Schroeder |

| | |
|---|---|
| 07/01/2020 | **Appearance Filed** |
| | Appearance of Kari Halbrook and Ben Hoffman on behalf of Purina |

For Party:      Purina Mills LLC
File Stamp:      07/01/2020

**EXHIBIT 1**

| | |
|---|---|
| 07/01/2020 | **Clerk Administrative Event** |
| | telephone call with Wayne County Clerk's Office. Certification of Venue and Order Granting Unopposed Motion to Transfer Venue filed 6/22/20 sent to Wayne Co. Clerk's Office via email. kmm |

| | |
|---|---|
| 07/02/2020 | **Motion for Enlargement of Time Filed** |
| | Defendant, Harvest Land Co-Op, Inc's Motion for Enlargement of Time to Respond to Plaintiffs' First Amended Complaint |

| | |
|---|---|
| Filed By: | Harvest Land Co-op Inc. |
| File Stamp: | 07/01/2020 |

| | |
|---|---|
| 07/02/2020 | **Order Granting Motion for Enlargement of Time** |
| | Defendant, Harvest Land Co-Op, Inc., has up to and including August 5, 2020 within which to file a response to Plaintiffs' First Amended Complaint. cg |

| | |
|---|---|
| Judicial Officer: | Meltzer, Trent E. |
| Movant: | Harvest Land Co-op Inc. |
| Order Signed: | 07/02/2020 |

| | |
|---|---|
| 07/03/2020 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 7/2/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder |

| | |
|---|---|
| 07/06/2020 | **Case Opened as a New Filing** |

| | |
|---|---|
| 07/06/2020 | **Case Venued In** |

| | |
|---|---|
| 07/06/2020 | **Answer Filed** |
| | Purina Animal Nutrition LLC'S Answer and Affirmative Defenses to Plaintiff's First Amended Complaint |

| | |
|---|---|
| Filed By: | Purina Mills LLC |
| File Stamp: | 07/06/2020 |

| | |
|---|---|
| 07/06/2020 | **Change of Venue - Historical records copied** |
| | This case was received from Shelby County. Events dated between 6-7-20 through 7-6-20 were from original case. |

| | |
|---|---|
| 07/07/2020 | **Automated ENotice Issued to Parties** |
| | Order Granting Motion for Enlargement of Time ---- 7/2/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder Answer Filed ---- 7/6/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder |

| | |
|---|---|
| 07/08/2020 | **Order Issued** |
| | Order Requiring The Filing Of A Proposed Joint Case Management Plan. |

| | |
|---|---|
| Judicial Officer: | Horn, Gregory A |
| Order Signed: | 07/08/2020 |

| | |
|---|---|
| 07/09/2020 | **Automated ENotice Issued to Parties** |
| | Order Issued ---- 7/8/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder |

| | |
|---|---|
| 08/03/2020 | **Answer Filed** |
| | Defendant, Harvest Land Co-Op., Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint |

| | |
|---|---|
| Filed By: | Harvest Land Co-op Inc. |
| File Stamp: | 07/31/2020 |

<div align="center" style="color:red">EXHIBIT 1</div>

| 08/06/2020 | **Answer Filed** |
|---|---|

Harvest Land's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint

| Filed By: | Harvest Land Co-op Inc. |
|---|---|
| File Stamp: | 08/06/2020 |

| 08/21/2020 | **Order Issued** |
|---|---|

Order Approving Case Management Plan In Part With Additions/Modifications. Cause to be set for preliminary pre-trial conference, final pre-trial conference, limine and instruction hearing, and trial by separate entry.

| Judicial Officer: | Horn, Gregory A |
|---|---|
| Order Signed: | 08/21/2020 |

| 08/22/2020 | **Automated ENotice Issued to Parties** |
|---|---|

Order Issued ---- 8/21/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder

| 08/26/2020 | **Hearing Scheduling Activity** |
|---|---|

Hearing scheduled for 06/17/2021 at 1:30 PM.

| 08/26/2020 | **Hearing Scheduling Activity** |
|---|---|

Pretrial Conference scheduled for 12/16/2021 at 1:30 PM.

| 08/26/2020 | **Hearing Scheduling Activity** |
|---|---|

Hearing scheduled for 01/20/2022 at 2:30 PM.

| 08/26/2020 | **Hearing Scheduling Activity** |
|---|---|

Jury Trial scheduled for 01/24/2022 at 9:00 AM.

| 08/26/2020 | **Order Set for Hearing** |
|---|---|

Order Setting Pre-Trial And Trial Dates.

| Judicial Officer: | Horn, Gregory A |
|---|---|
| Order Signed: | 08/26/2020 |

| 08/27/2020 | **Automated ENotice Issued to Parties** |
|---|---|

Hearing Scheduling Activity ---- 8/26/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder Hearing Scheduling Activity ---- 8/26/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder Hearing Scheduling Activity ---- 8/26/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder Hearing Scheduling Activity ---- 8/26/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder Order Set for Hearing ---- 8/26/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder

| 09/02/2020 | **Motion for Admission Pro Hac Vice** |
|---|---|

Verified Petition for Temporary Admission of Emily Dollerschell, Pro Hac Vice

| Filed By: | Purina Mills LLC |
|---|---|
| File Stamp: | 09/02/2020 |

| 09/02/2020 | **Order Issued** |
|---|---|

Proposed Order Granting Verified Petition For Temporary Admission of Emily Dollerschell, Pro Hac Vice.

| Judicial Officer: | Horn, Gregory A |
|---|---|
| Order Signed: | 09/02/2020 |

<div align="center">EXHIBIT 1</div>

| 09/04/2020 | **Automated ENotice Issued to Parties** |
|---|---|

Order Issued ---- 9/2/2020 : Benjamin Charles Hoffman;Todd Johannes Janzen;James William Hehner;Kari H Halbrook;Brianna Jill Schroeder

| 09/04/2020 | **Clerk Administrative Event** |
|---|---|

Order granting petition for tempory admission of Emily Dollerschell Pro Hac Vice sent to Emily Dollerschell

| 09/21/2020 | **Notice Filed** |
|---|---|

Purina's Notice of Service of Responses to Plaintiff's Discovery

| Filed By: | Purina Mills LLC |
|---|---|
| File Stamp: | 09/21/2020 |

| 09/28/2020 | **Appearance Filed** |
|---|---|

Appearance of Emily Dollerschell

| For Party: | Purina Mills LLC |
|---|---|
| File Stamp: | 09/25/2020 |

| 10/19/2020 | **Appearance Filed** |
|---|---|

JMS Appearance

| For Party: | Harvest Land Co-op Inc. |
|---|---|
| File Stamp: | 10/16/2020 |

| 11/16/2020 | **Witness and/or Exhibit List Filed** |
|---|---|

Purina's Preliminary Witness List

| Filed By: | Purina Mills LLC |
|---|---|
| File Stamp: | 11/13/2020 |

| 02/03/2021 | **Stipulation of Dismissal Filed** |
|---|---|

Stipulation of Dismissal as to Harvest Land Only

| Filed By: | Harvest Land Co-op Inc. |
|---|---|
| File Stamp: | 02/02/2021 |

| 02/03/2021 | **Order Issued** |
|---|---|

Order Granting Dismissal, as to Harvest Land Co-Op, Inc, only, with prejudice.

| Judicial Officer: | Horn, Gregory A |
|---|---|
| Order Signed: | 02/03/2021 |

| 02/04/2021 | **Automated ENotice Issued to Parties** |
|---|---|

Order Issued ---- 2/3/2021 : Benjamin Charles Hoffman;Emily Dollerschell;Todd Johannes Janzen;James William Hehner;John Michael Stringfield;Kari H Halbrook;Brianna Jill Schroeder

| 06/17/2021 | **Hearing** |
|---|---|

Session:

06/17/2021 1:30 PM, Judicial Officer: Horn, Gregory A

Comment:                Preliminary Pre-Trial

| 12/16/2021 | **Pretrial Conference** |
|---|---|

Session:

12/16/2021 1:30 PM, Judicial Officer: Horn, Gregory A

**EXHIBIT 1**

| 01/20/2022 | **Hearing** | |
| | Session: | |
| | | 01/20/2022 2:30 PM, Judicial Officer: Horn, Gregory A |
| | Comment: | Motion In Limine / Instructions |

| 01/24/2022 | **Jury Trial** | |
| | Session: | |
| | | 01/24/2022 9:00 AM, Judicial Officer: Horn, Gregory A |
| | Comment: | (7 Days Jury Trial) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

EXHIBIT 1

Case 1:21-cv-00432-SEB-TAB   Document 1-6   Filed 06/24/21   Page 9 of 25 PageID #: 30
73C01-2006-PL-000018
Shelby Circuit Court
Filed: 6/9/2020 9:27 AM
Clerk
Shelby County, Indiana

STATE OF INDIANA
IN THE SHELBY COUNTY COURT

VIKING LAMB LLC, AND VIKING
GENETICS LLC,

    PLAINTIFFS,

    V.

PURINA MILLS LLC AND HARVEST LAND
CO-OP INC.,

    DEFENDANTS.

CAUSE NO._____

## COMPLAINT

Plaintiffs Viking Lamb LLC and Viking Genetics (collectively "Viking") for its complaint against Purina Mills LLC ("Purina") and Harvest Land Co-op Inc. ("Harvest Land"), state as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.    Viking Lamb LLC is an Indiana limited liability company with its principal place of business in Morristown, Indiana.

2.    Viking Genetics LLC is an Indiana limited liability company with its principal place of business in Morristown, Indiana.

3.    Purina is a Delaware limited liability company with its corporate headquarters in Gray Summit, Missouri. Purina has its principal office in Arden Hills, Minnesota. Purina sells livestock feed at various retail outlets in Indiana and elsewhere. Purina is a subsidiary of Land O'Lakes, Inc., which is incorporated in Minnesota.

EXHIBIT 1

4.      Harvest Land is an Indiana corporation with its principal place of business in Richmond, Indiana.

5.      The Court has jurisdiction under Indiana Rule of Trial Procedure 4.4(a) because Purina and Harvest Land conducted business in Indiana, caused injury in Indiana, and regularly conduct and solicit business in Indiana. Harvest Land is an Indiana corporation.

6.      Venue is preferred in this Court under Trial Rule 75 because Viking's place of business is Shelby County. Ind. R. Trial P. 75(A)(10).

## FACTS

7.      Viking breeds, raises, and sells premier sheep for restaurants, retail, show lambs, and breeding stock.

8.      Purina manufactures and sells sheep and lamb feed.

9.      Harvest Land sells Purina brand sheep and lamb feed.

10.     Viking purchased 10 tons of Purina 20% lamb creep feed (the "Feed") from Harvest Land between December 2019 and January 2020.

11.     Viking offered the Feed to its sheep following the Feed labels and instructions.

12.     After Viking began using the Feed, many sheep fell sick and died.

13.     Affected sheep lost weight and were lethargic. They had difficulty standing up and walking. Their wool grew in patchy or not at all. The affected sheep's immune systems were impacted. The affected sheep died a few days after first showing symptoms.

14.     Viking had the Feed tested. The Feed contained large pellets which were not approved lamb feed. Sample results confirmed the large pellets were likely cattle feed.

EXHIBIT 1

15. Sheep are sensitive to minerals, nutrients, and additives found in cattle feed.

16. Viking's sheep fell sick and died because of the Feed.

17. Viking has suffered damages because of the Feed, including but not limited to sick, dying, and dead sheep; sheep which had to be sold to slaughter barns for below market value; sheep sales which had to be refunded because of illness; lost profits; veterinarian bills; lost breeding ability and opportunity; lost genetics; lost reputation; lost customers; and other consequential damages.

18. Viking first informed Purina and Harvest Land of its damages and the problems with the Feed in January 2020. Purina and Harvest Land have refused to address these problems.

## CLAIM I – NEGLIGENCE

19. Viking incorporates the paragraphs above as if fully repeated here.

20. The Defendants had a duty to provide safe Feed to their customers.

21. The Defendants breached that duty by manufacturing and selling Feed with unsafe levels of minerals, nutrients, and other additives.

22. The Defendants' actions proximately caused damage to Viking.

23. Viking suffered damages because of the Defendants' actions.

## CLAIM II – NEGLIGENCE PER SE

24. Viking incorporates the paragraphs above as if fully repeated here.

25. A commercial feed must be accompanied by a label including identifying information about the feed, including quantity, product and brand name, guaranteed analysis, ingredient names, mailing address of manufacturer, directions for use, and precautionary statements. Ind. Code §15-19-7-26.

EXHIBIT 1

26.     Misbranding the label or adulterating the feed is forbidden by statute. *Id.* at §§15-19-7-28; 15-19-7-29; 15-19-7-40.

27.     The State Chemist has promulgated rules regarding the labeling, manufacturing, and distributing of animal feed. *See* 355 IAC 6.

28.     Animal feed, its labeling, and its intended use must be suitable for the intended purpose of the product. 355 IAC 6-1-5.

29.     The labels must be adequate to enable safe and effective use. 355 IAC 6-1-7.

30.     Indiana law requires animal feed and supplement labels to be accurate. *See* Indiana Code § 15-19-7; 355 IAC 6.

31.     The Feed labels were inaccurate.

32.     The Defendants' failure to accurately label the Feed constitutes a violation of Indiana labeling law.

33.     The Defendants were negligent per se.

34.     The Defendants' negligence proximately caused damage to Viking.

35.     The Defendants are liable to Viking for Viking's damages.

<u>CLAIM III – PRODUCT LIABILITY</u>

36.     Viking incorporates the paragraphs above as if fully repeated here.

37.     A person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to the user's or consumer's property is subject to liability for physical harm caused by that product to the user or consumer or to the user's or consumer's property if: (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition; (2) the seller is engaged in the

EXHIBIT 1

business of selling the product; and (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article. Ind. Code § 34-20-2-1.

38.     A product is in a defective condition if, at the time it is conveyed to a buyer, it is in a condition "not contemplated by reasonable persons among those considered expected users or consumers of the product;" and, it is in a condition that will be "unreasonably dangerous" to the expected user or consumer when used in reasonably expectable ways of handling or consumption." Ind. Code § 34-20-4-1.

39.     A product is also defective if the manufacturer fails to properly package or label the product to give reasonable warnings of danger about the product; or give reasonably complete instructions on proper use of the product. Ind. Code § 34-20-4-2.

40.     A manufacturer is strictly liable under the Indiana Product Liability Act when the manufacturer puts a product into the stream of commerce without reasonable, adequate warnings thereby leaving it in a condition unreasonably dangerous to any user, if such warnings could have been given in the exercise of reasonable diligence.

41.     Viking is a user or consumer in the class of persons that the Defendants should reasonably foresee as being subject to the harm caused by the defective condition of the Feed.

42.     The Defendants are engaged in the business of selling lamb feed.

43.     The Defendants are in the business of selling the Feed purchased by Viking.

44.     The Feed was expected to and did reach Viking without substantial alteration in the condition in which the Feed was sold by Defendants.

45.     The Feed was defective and unreasonably dangerous.

EXHIBIT 1

46.     The defective condition existed at the time the Feed left the Defendants'
control.

47.     The Feed's defective condition was a proximate cause of Viking's injuries.

48.     The Defendants put the Feed into the stream of commerce without
reasonable, adequate warnings thereby leaving the Feed in a condition unreasonably
dangerous to any user.

49.     The Defendants failed to properly package or label the Feed to give
reasonable warnings of danger about the Feed.

50.     The Defendants failed to give reasonably complete instructions on proper
use of the Feed.

51.     For the reasons stated above, Defendants are liable to Viking under the
Indiana Product Liability Act.

## CLAIM IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

52.     Viking incorporates the paragraphs above as if fully repeated here.

53.     There was an implied warranty of merchantability for the Feed.

54.     Defendants are merchants of lamb feed.

55.     Defendants breached the implied warranty of merchantability for the Feed.
Ind. Code § 26-1-2-314.

56.     Viking notified Defendants of their breach on or about January 15, 2020.

57.     All conditions precedent for this claim have occurred.

58.     Viking suffered damages because of the Defendants' breach.

## CLAIM V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

59.     Viking incorporates the paragraphs above as if fully repeated here.

EXHIBIT 1

60.     The Defendants had reason to know the particular purpose for which the Feed was required, namely that the Feed would be offered to lambs.

61.     Viking relied on Defendants' skill or judgment to select or furnish suitable feed.

62.     There was an implied warranty that the Feed was fit for the particular purpose.

63.     Defendants breached the implied warranty of fitness for a particular purpose for the Feed. See Ind. Code § 26-1-2-315.

64.     Viking notified Defendants of the breach on or about January 15, 2020.

65.     All conditions precedent for this claim have occurred.

66.     Viking suffered damages because of Defendants' breach.

## **<u>PRAYER FOR RELIEF</u>**

Wherefore, Viking requests this Court enter judgment against Purina and Harvest Land and in Viking's favor, including:

(a) Awarding Viking damages for Defendants' negligence and negligence per se;

(b) Awarding Viking damages for its sheep which grew sick and/or died because of Defendants' actions;

(c) Awarding Viking reputational damages caused by Defendants' actions;

(d) Awarding Viking consequential damages caused by Defendants' actions;

(e) Awarding Viking damages because of Defendants' breach of warranties;

(f) Awarding Viking pre-judgment interest on the amount owed to it by Defendants;

(g) Awarding Viking attorneys' fees and costs; and

(h) Awarding all other just and proper relief.

EXHIBIT 1

## JURY DEMAND

Viking demands a jury trial for all counts so triable.

Respectfully submitted:

/s/ Brianna J. Schroeder
Todd J. Janzen, Atty. No. 23615-49
Brianna J. Schroeder, Atty. No. 28772-64
Janzen Agricultural Law LLC
8425 Keystone Crossing Suite 111
Indianapolis, Indiana 46240
(317) 855-9920
janzen@aglaw.us
schroeder@aglaw.us

EXHIBIT 1

STATE OF INDIANA
IN THE SHELBY COUNTY COURT

| | |
|---|---|
| VIKING LAMB LLC, AND VIKING GENETICS LLC, | |
| PLAINTIFFS, | |
| V. | CAUSE NO. 73C01-2006-PL-000018 |
| PURINA ANIMAL NUTRITION LLC AND HARVEST LAND CO-OP INC., | |
| DEFENDANTS. | |

## FIRST AMENDED COMPLAINT

Plaintiffs Viking Lamb LLC and Viking Genetics (collectively "Viking") for its

amended complaint against Purina Animal Nutrition LLC ("Purina")[1] and Harvest Land Co-

op Inc. ("Harvest Land"), state as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.      Viking Lamb LLC is an Indiana limited liability company with its principal

place of business in Morristown, Indiana.

2.      Viking Genetics LLC is an Indiana limited liability company with its principal

place of business in Morristown, Indiana.

3.      Purina is a Delaware limited liability company with its corporate principal

place of business in in Arden Hills, Minnesota. Purina sells livestock feed at various retail

---

[1] Viking initially named a different Purina entity as defendant in this matter. Upon discussion with counsel for Purina Animal Nutrition LLC, Viking is amending its complaint to name the proper corporate Purina entity.

EXHIBIT 1

outlets in Indiana and elsewhere. Purina is a subsidiary of Land O'Lakes, Inc., which is incorporated in Minnesota.

4.      Harvest Land is an Indiana corporation with its principal place of business in Richmond, Indiana.

5.      The Court has jurisdiction under Indiana Rule of Trial Procedure 4.4(a) because Purina and Harvest Land conducted business in Indiana, caused injury in Indiana, and regularly conduct and solicit business in Indiana. Harvest Land is an Indiana corporation.

6.      Venue is preferred in this Court under Trial Rule 75 because Viking's place of business is Shelby County. Ind. R. Trial P. 75(A)(10).

<div align="center">

**FACTS**

</div>

7.      Viking breeds, raises, and sells premier sheep for restaurants, retail, show lambs, and breeding stock.

8.      Purina manufactures and sells sheep and lamb feed.

9.      Harvest Land sells Purina brand sheep and lamb feed.

10.     Viking purchased 10 tons of Purina 20% lamb creep feed (the "Feed") from Harvest Land between December 2019 and January 2020.

11.     Viking offered the Feed to its sheep following the Feed labels and instructions.

12.     After Viking began using the Feed, many sheep fell sick and died.

13.     Affected sheep lost weight and were lethargic. They had difficulty standing up and walking. Their wool grew in patchy or not at all. The affected sheep's immune systems were impacted. The affected sheep died a few days after first showing symptoms.

EXHIBIT 1

14.     Viking had the Feed tested. The Feed contained large pellets which were not approved lamb feed. Sample results confirmed the large pellets were likely cattle feed.

15.     Sheep are sensitive to minerals, nutrients, and additives found in cattle feed.

16.     Viking's sheep fell sick and died because of the Feed.

17.     Viking has suffered damages because of the Feed, including but not limited to sick, dying, and dead sheep; sheep which had to be sold to slaughter barns for below market value; sheep sales which had to be refunded because of illness; lost profits; veterinarian bills; lost breeding ability and opportunity; lost genetics; lost reputation; lost customers; and other consequential damages.

18.     Viking first informed Purina and Harvest Land of its damages and the problems with the Feed in January 2020. Purina and Harvest Land have refused to address these problems.

## CLAIM I – NEGLIGENCE

19.     Viking incorporates the paragraphs above as if fully repeated here.

20.     The Defendants had a duty to provide safe Feed to their customers.

21.     The Defendants breached that duty by manufacturing and selling Feed with unsafe levels of minerals, nutrients, and other additives.

22.     The Defendants' actions proximately caused damage to Viking.

23.     Viking suffered damages because of the Defendants' actions.

## CLAIM II – NEGLIGENCE PER SE

24.     Viking incorporates the paragraphs above as if fully repeated here.

25.     A commercial feed must be accompanied by a label including identifying information about the feed, including quantity, product and brand name, guaranteed

EXHIBIT 1

analysis, ingredient names, mailing address of manufacturer, directions for use, and precautionary statements. Ind. Code §15-19-7-26.

26.     Misbranding the label or adulterating the feed is forbidden by statute. *Id.* at §§15-19-7-28; 15-19-7-29; 15-19-7-40.

27.     The State Chemist has promulgated rules regarding the labeling, manufacturing, and distributing of animal feed. *See* 355 IAC 6.

28.     Animal feed, its labeling, and its intended use must be suitable for the intended purpose of the product. 355 IAC 6-1-5.

29.     The labels must be adequate to enable safe and effective use. 355 IAC 6-1-7.

30.     Indiana law requires animal feed and supplement labels to be accurate. *See* Indiana Code § 15-19-7; 355 IAC 6.

31.     The Feed labels were inaccurate.

32.     The Defendants' failure to accurately label the Feed constitutes a violation of Indiana labeling law.

33.     The Defendants were negligent per se.

34.     The Defendants' negligence proximately caused damage to Viking.

35.     The Defendants are liable to Viking for Viking's damages.

### CLAIM III – PRODUCT LIABILITY

36.     Viking incorporates the paragraphs above as if fully repeated here.

37.     A person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to the user's or consumer's property is subject to liability for physical harm caused by that product to the user or consumer or to the user's or consumer's property if: (1) that user or

EXHIBIT 1

consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition; (2) the seller is engaged in the business of selling the product; and (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article. Ind. Code § 34-20-2-1.

38.     A product is in a defective condition if, at the time it is conveyed to a buyer, it is in a condition "not contemplated by reasonable persons among those considered expected users or consumers of the product;" and, it is in a condition that will be "unreasonably dangerous" to the expected user or consumer when used in reasonably expectable ways of handling or consumption." Ind. Code § 34-20-4-1.

39.     A product is also defective if the manufacturer fails to properly package or label the product to give reasonable warnings of danger about the product; or give reasonably complete instructions on proper use of the product. Ind. Code § 34-20-4-2.

40.     A manufacturer is strictly liable under the Indiana Product Liability Act when the manufacturer puts a product into the stream of commerce without reasonable, adequate warnings thereby leaving it in a condition unreasonably dangerous to any user, if such warnings could have been given in the exercise of reasonable diligence.

41.     Viking is a user or consumer in the class of persons that the Defendants should reasonably foresee as being subject to the harm caused by the defective condition of the Feed.

42.     The Defendants are engaged in the business of selling lamb feed.

43.     The Defendants are in the business of selling the Feed purchased by Viking.

EXHIBIT 1

44.     The Feed was expected to and did reach Viking without substantial alteration in the condition in which the Feed was sold by Defendants.

45.     The Feed was defective and unreasonably dangerous.

46.     The defective condition existed at the time the Feed left the Defendants' control.

47.     The Feed's defective condition was a proximate cause of Viking's injuries.

48.     The Defendants put the Feed into the stream of commerce without reasonable, adequate warnings thereby leaving the Feed in a condition unreasonably dangerous to any user.

49.     The Defendants failed to properly package or label the Feed to give reasonable warnings of danger about the Feed.

50.     The Defendants failed to give reasonably complete instructions on proper use of the Feed.

51.     For the reasons stated above, Defendants are liable to Viking under the Indiana Product Liability Act.

### CLAIM IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

52.     Viking incorporates the paragraphs above as if fully repeated here.

53.     There was an implied warranty of merchantability for the Feed.

54.     Defendants are merchants of lamb feed.

55.     Defendants breached the implied warranty of merchantability for the Feed. Ind. Code § 26-1-2-314.

56.     Viking notified Defendants of their breach on or about January 15, 2020.

57.     All conditions precedent for this claim have occurred.

EXHIBIT 1

58.     Viking suffered damages because of the Defendants' breach.

## CLAIM V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

59.     Viking incorporates the paragraphs above as if fully repeated here.

60.     The Defendants had reason to know the particular purpose for which the Feed was required, namely that the Feed would be offered to lambs.

61.     Viking relied on Defendants' skill or judgment to select or furnish suitable feed.

62.     There was an implied warranty that the Feed was fit for the particular purpose.

63.     Defendants breached the implied warranty of fitness for a particular purpose for the Feed. See Ind. Code § 26-1-2-315.

64.     Viking notified Defendants of the breach on or about January 15, 2020.

65.     All conditions precedent for this claim have occurred.

66.     Viking suffered damages because of Defendants' breach.

## PRAYER FOR RELIEF

Wherefore, Viking requests this Court enter judgment against Purina and Harvest Land and in Viking's favor, including:

(a) Awarding Viking damages for Defendants' negligence and negligence per se;

(b) Awarding Viking damages for its sheep which grew sick and/or died because of Defendants' actions;

(c) Awarding Viking reputational damages caused by Defendants' actions;

(d) Awarding Viking consequential damages caused by Defendants' actions;

(e) Awarding Viking damages because of Defendants' breach of warranties;

EXHIBIT 1

(f)  Awarding Viking pre-judgment interest on the amount owed to it by Defendants;

(g) Awarding Viking attorneys' fees and costs; and

(h) Awarding all other just and proper relief.

## JURY DEMAND

Viking demands a jury trial for all counts so triable.

Respectfully submitted:

/s/ Brianna J. Schroeder
Todd J. Janzen, Atty. No. 23615-49
Brianna J. Schroeder, Atty. No. 28772-64
Janzen Agricultural Law LLC
8425 Keystone Crossing Suite 111
Indianapolis, Indiana 46240
(317) 855-9920
janzen@aglaw.us
schroeder@aglaw.us

EXHIBIT 1

**<u>Certificate of Service</u>**

I certify that on June 15, 2020, I electronically filed the foregoing document using

the Indiana E-Filing System (IEFS). I also certify that on June 15, 2020, the foregoing

document was served upon the following counsel via the IEFS:

> Jim Hehner
> Clendening Johnson & Bohrer, P.C.
> 225 North Delaware Street
> Indianapolis, IN 46204-2137

I also certify that on June 15, 2020, the foregoing document was served upon the

following counsel for Purina by agreement via electronic mail:

> Carrie Raver
> Alejandra Reichard
> Barnes & Thornburg LLP
> 11 South Meridian Street
> Indianapolis, IN 46204-3535
> Alejandra.Reichard@btlaw.com
> Carrie.Raver@btlaw.com

<div align="right">

<u>/s/ Brianna J. Schroeder</u>
Janzen Agricultural Law, LLC

</div>

EXHIBIT 1